IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN BUILDING & DESIGN, INC., <br><br> Petitioner, <br><br> v. <br><br> NELSON ENGINEERING CONSTRUCTION, INC., <br><br> Respondent. | 8:21-CV-00471-BCB-SMB <br><br> **AUSTIN BUILDING & DESIGN, INC'S BRIEF CONCERNING THE COLORADO RIVER DOCTRINE UNDER THE COURT'S ORDER DATED MARCH 3, 2023** |

Plaintiff, Austin Building & Design, Inc., through its attorneys at Hall & Evans, LLC, files this brief concerning the Colorado River Doctrine as ordered by this Court on March 3, 2023.

## **INTRODUCTION**

On March 3, 2023, this Court denied Nelson's motion to dismiss for lack of subject matter jurisdiction (Doc. 34). In the same Order, the Court directed the parties to brief whether it should exercise jurisdiction over Austin's Petition to Compel Arbitration, Filing 1, under the Colorado River Doctrine. It should. The Nebraska State Court action is not parallel to this case and if they were parallel, the factors considered in whether this Court should exercise Colorado River abstention favors the exercise of jurisdiction here.

## RELEVANT FACTS

Austin incorporates the Relevant Facts section of its response to Nelson's Motion to Dismiss, (Filing 31, pp. 1-4) in full here.

## THE COLORADO RIVER DOCTRINE

Abstention from the exercise of federal jurisdiction is the exception, not the rule. Colorado River abstention is appropriate only in "exceptional circumstances where the surrender of federal jurisdiction is supported by the "clearest of justifications." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). "Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender . . . the presence of federal-law issues must always be a major consideration weighing against surrender." *Id*. "[F]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given to them, even when there is a pending state court action involving the same subject matter." *Cottrell v. Duke*, 737 F.3d 1238, 1244 (8th Cir. 2013).

Colorado River abstention is only appropriate where (1) parallel state and federal actions exist and (2) exceptional circumstances warrant abstention. *Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1121 (8th Cir. 2015). Neither requirement exists here.

# ARGUMENT

## I.  The Federal and State Cases here lack parallelity.

Federal and state court cases are parallel only when the state proceeding will fully dispose of the claims presented in the federal court. *Fru-Con Constr. Corp. V. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). The analysis focuses on matters as they currently exist, not on whether they could be modified. *Id*. "On top of that, in keeping with the Supreme Court's charge to abstain in limited instances only, jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id*. (emphasis added).

The state court order here states: "This Court finds that the arbitration clause included in the subcontract between Nelson and Auston [sic] does not prevent Nelson from seeking recourse under the Nebraska Construction Lien Act, Neb.Rev.Stat §52-125 et seq., and Austin's Motion to Stay these proceedings pending a determination of the Federal District Court is DENIED. **Ex. A**, State Court Order Denying Motion to Stay. Dispositive here is that the state court made no determination about whether payment claims under the subcontracts pled by Nelson against Austin must be arbitrated which is the determination Austin seeks from this Court. In its state court complaint, Nelson alleges:

> [Nelson] provided labor, material, equipment and services for the construction of the pea protein isolate production facility . . . owned by Ingredion, completing its work under both the Concrete Contract and Steel Contract on January 10, 2020.

> [Nelson's] labor, materials, equipment and services on the Property owned by Ingredion were completed in a professional, reasonable, and workmanlike manner.
>
> The total amount owed for the work performed by [Nelson] on the subject Property is $4,931,876.00, less payment made in the amount of $2,366,733.09. Austin failed and refused, and still fails and refuses, to pay [Nelson] for the amount due under the contracts. [Nelson] has not been paid for the balance due of $2,565,142.91.

(Doc. 1, ¶6.) Nelson's allegations explicitly claim Austin owes it $2,366,733.09 and has "failed and refused, and still fails and refuses" to pay. Nelson's subcontracts require it to arbitrate all claims arising out of or relating to the subcontracts, including, without limitation, claims for payment of money. **Ex. B**, Nelson Arbitration Clause.

Nelson's argument that it didn't title a claim against Austin in the state action is inconsequential. Courts do not rely on titles of claims—they rely on the substance of the allegations. *United States ex rel. Simpson v. Bayer Healthcare (In re Baycol Prods. Litig.)*, 732 F.,3d 869, 875 n.1. (8th Cir. 2013).

Filing 1, ¶ 6.

Because the state court order only concerns Nelson's ability to seek "recourse under the Nebraska Construction Lien Act, Neb.Rev.Stat §52-125 et. seq.," a claim it cannot bring against Austin because Austin doesn't own the property Nelson wants to foreclose, this action and the state court action are not

4.

parallel. *Fru-Con Constr. Corp. V. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009).

In this Court, Austin moved to compel arbitration of Nelson's allegations that Austin refused to pay it money owed under the subcontracts as specifically alleged by Nelson. There is, thus, doubt that the claims presented here will be fully disposed of in the state court. That doubt precludes Colorado River abstention. *Id*. ("jurisdiction must be exercised **if there is any doubt** as to the parallel nature of the state and federal proceedings.") (emphasis added).

Because the state court case is not parallel, this Court doesn't need to consider whether exceptional circumstances warrant abstention. *Cottrell*, 737 F.3d at 1244-45 (exercise of Colorado River abstention requires parallelism **and** exceptional circumstances). Still, there are no exceptional circumstances here.

II. **No exceptional circumstances exist justify Colorado River abstention.**

To exercise Colorado River abstention, the existing exceptional circumstances must be such that "repair to the state court would clearly serve an important countervailing interest." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops.*, 48 F.3d 294, 297 (8th Cir. 1995). There is no mechanical checklist to determine whether to exercise Colorado River abstention. *Moses H. Cone*, 460 U.S.

at 16. Courts instead use careful balancing of important factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id*.

In *Colorado River*, The Supreme Court, in approving the dismissal of the federal actions, considered the most important factor to be "the clear federal policy . . . [of avoidance of piecemeal adjudication of water rights in a river system," given Congress' judgment that the field of water rights is one "peculiarly appropriate" for comprehensive treatment in the forums having the greatest experience and expertise—state courts. *Moses H. Cone*, 460 U.S. at 16.

Here, there is no congressional judgment that the determination whether claims are arbitrable claims "peculiarly appropriate" for state courts to decide. The opposite is true. In enacting the Federal Arbitration Act, "Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018).

In *Colorado River*, the Supreme Court also noted other factors that tended to support dismissal of the federal action, including the lack of substantial progress in the federal action, the presence in the suit of extensive rights governed by state law, the geographical inconvenience of the forum, and the Government's previous willingness to litigate similar suits in state court. *Moses H. Cone.*, 460 U.S. at 16. None of those factor's weight in favor of Colorado River abstention here.

First, this case is at summary judgment stage. Discovery hasn't started in the state case.

Second, this case is governed by the FAA, not "extensive rights governed by state law." Nelson's brief claims state law controls in the state court because it asserted claims under the Nebraska's Construction Lien Act and a common law quantum meruit claim (Doc. 37, p. 6). The law of those claims have nothing to do with the arbitration question. The question here is whether Nelson must arbitrate the payment claims asserted against Austin in the state court under the Federal Arbitration Act. Federal law controls that question.

Third, this forum is not inconvenient to Nelson. Nelson is "a national general contractor," https://nelson-industrial.com/index.php (last visited April 7, 2023). It performs projects "throughout the United States." https://nelson-industrial.com/index.php (last visited April 7, 2023). This Court is in the jurisdiction in where Nelson is headquartered. Nelson's counsel is also licensed in this Court.

Nelson's claim that the 100 miles from its headquarters to Omaha renders this forum inconvenient means little (Doc. 37, p. 5). The drive is one and half hours—a morning commute for many Americans. Austin's attorneys are in Denver, 540 miles from Omaha. Austin has also noted in papers filed here that it believes the matter can be determined on the summary judgment briefs, so there is likely no

travel needed. Because this forum is convenient, the factor warrants this Court exercising jurisdiction.

Fifth, unlike in *Colorado River*—where the Government showed previous willingness to litigate similar suits in state court—Austin has always sought to enforce Nelson's promise to arbitrate payment claims against Austin. Nelson refuses and has taken every step to avoid arbitration in this Court and the state court. For these reasons, every factor the Supreme Court considered in *Colorado River* weighs against Colorado River abstention here.

Other factors courts have considered in weighing Colorado River abstention include (1) whether there is a res over which one court has established jurisdiction; (2) whether maintaining separate actions may result in piecemeal litigation; and the (3) adequacy of the state court forum to protect the federal plaintiff's rights. *United States Fidelity & Guar. Co. v. Murphy Oil USA,* 21 F.3d 259, 263 (8th Cir. 1994).

Neither this case nor the state case is an action in rem or quasi in rem. There will also be no piecemeal litigation if this court exercising jurisdiction. Should this Court find Nelson must arbitrate, the FAA requires state courts to stay proceedings (where discovery has not started) pending arbitration and there will be no further action in this Court because the case will move to arbitration. As for the adequacy of the state court to protect the federal plaintiff's rights, Austin does not dispute that a state court can consider motions to compel arbitration under the FAA.

For all of these reasons, along with the state and federal cases lacking the required parallelity for Colorado River abstention, the exceptional circumstances required by *Colorado River* to justify abstention do not exist.

## **CONCLUSION**

Because this Court has a virtually unflagging obligation to exercise the jurisdiction and the required prerequisites to exercise Colorado River abstention are absent, this Court should maintain its jurisdiction over this case.

Dated: April 13, 2023

Respectfully submitted,

*/s/ Ethan E. Zweig*
Joseph E. Cavasinni (*Pro Hac Vice*)
Ethan E. Zweig (*Pro Hac Vice*)
Andrew P. Reitman (#26531)
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO  80202
Telephone:     (303) 628-3300
Facsimile:     (303) 628-3368
Email: reitmana@hallevans.com
          cavasinnij@hallevans.com
          zweige@hallevans.com

***Attorneys for Petitioner***

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 13th day of April 2023, I electronically filed the foregoing **AUSTIN BUILDING & DESIGN, INC'S BRIEF CONCERNING THE COLORADO RIVER DOCTRINE UNDER THE COURT'S ORDER DATED MARCH 3, 2023** with the Clerk of Court using the NextGen CM/ECF system which will send notification of such filing to all counsel of record.

      */s/ Ethan E. Zweig*
      Joseph E. Cavasinni (*Pro Hac Vice*)
      Ethan E. Zweig (*Pro Hac Vice*)
      Andrew P. Reitman, Esq. (#26531)
      Hall & Evans, LLC
      1001 Seventeenth Street, Suite 300
      Denver, CO 80202
      Telephone:  (303) 628-3300
      Facsimile:  (303) 628-3368
      Email: reitmana@hallevans.com
            cavasinnij@hallevans.com
            zweige@hallevans.com

      ***Attorneys for Petitioner***